Lipscomb, J.
The appellees have insisted that there is no error in the judgment of the court below in sustaining the demurrer, because the petition shows that the breach complained of was in not accounting for money received by the administrator in 1842, which was after the time fixed bylaw for closing the administration, and that at the time of the default complained of the appellees were no longer securities for his administration. They insist that this is the law in Louisiana in relation to successions, which law was in force in the Republic at the date of their bond. By the ordinance of the Consultation entitled an ordinance and decree for opening the several courts of justice, appointing clerks and prosecuting attorneys, and defining, &c., (p. 136, Ordinances and Decrees of the Consultation,) it is provided that all proceedings relative to successions, matters of probate, et uatera, shall be regulated aud governed agreeably to the principles and laws in similar cases in Louisiana. This ordinance was in force at the date of the bond sued on. We must therefore refer to the laws of that State to determine the effect of the bond and the extent of the legal liability of the defendants, who are sued as the securities of the administrator. Article 1179 of the Civil Code of Louisiana is as follows: "The time for the administration of the curators of vacant successions or of absent heirs, when these heirs have not appeared, or have not sent their powers of attorney to claim the succession, is fixed at one year from the day of their appointment. But the administration may be continued beyond this term, as is hereafter prescribed.” Article 1197 is: “ If, at the expiration of the year after the curator of a vacant succession or absent heirs has been appointed, the affairs of the succession are not settled, the judge may, if he thinks the interest of the succession requires it, prolong the administration for one year more, and thus from year to year, during five years from the opening of the succession.” Article 1198 : “ Though the administration of the curator be prolonged, ho is not the less bound to render his account every year to the judge. &c.” Article 1199 : “Tlie judge who prolongs the administration of a vacant succession or of absent heirs beyond a year is bound every year of the prolongation thus granted to exact from the curator a renewal of the security which he lias given for the fidelity of his administration. But in this case the judge cannot require from the curator security for more than one-fourth beyond the estimated value of the property left under his administration.” It would result from these citations from the Civil Code of Louisiana that the administration was granted for one year, and the securities could only be bound for defalcations of the administrator for that period. If the breach of duty had been within the year the securities were responsible. At the end of the year the administrator was required by law to have settled with the Probate Court, and, unless the time liad been prolonged by the judge, to have turned over to him all moneys *167 collected, property in hand, or evidence oí debt. If the administration had been prolonged he would have been required to renew the security for the fidelity of his administration. If lie has failed- to do this, to settle with the court, or to give new security, the securities would be liable for all damages sustained from such unfaithful performance of his duty. This seems to be the principle of the case of Reson v. Young and another. (7 Mart. R., N. S., 291.) But the securities could not be chargeable for any act of the administrator after he was functus officio. It would seem that had the principal been sued himself it could not have been as administrator, but only in his personal capacity, as he no longer could be considered as the curator after the term had expired to which euratorship had been limited. (Johnson v. Brown, 3 Mart. R., N. S., 602.) He, however, would have been liable on his bond for not settling with the court at the end of the year. If the property in this case has been squandered and lost, in consequence of not having been turned over to the Probate Court at the end of the year, the securities, as before said, could be called on to respond in damages; but they certainly cannot be called on to answer for the particular charge made in the petition, that occurred some three or more years after the administration had expired. The demurrer was well taken, therefore, and the judgment of the court below must be affirmed.
Note 62. — Murphy v. Menard, 14 T., 62.
Note 63. — Jones v, Perkins, 8 T., 337.
It is the first time that a question similar to this has ever been presented to the consideration of this court, and we are not prepared to say what will be the effect of the application of the law of Louisiana to successions opened before the passage of our own probate law, but it is not seen in what way it will relieve securities from the obligation of their bonds, as it will probably be found that in most eases where the property of estates has been squandered away by an abuse of trust in the administrator, it has resulted from his not settling with the Probate Court, according to the law, at the end of the year.
Judgment affirmed.